## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RICHARD LAY**                                      **CIVIL ACTION**

**VERSUS**                                           **NO.  15-1319**

**TIM MORGAN, WARDEN**                               **SECTION "R"(2)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the submissions to date, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

## I.   FACTUAL BACKGROUND

The petitioner, Richard Lay, is a convicted inmate currently incarcerated in the Winn Correctional Center in Winnfield, Louisiana.[2]  Lay was charged on January 12, 2011, by bill of information in Washington Parish with battery on a correctional facility employee while in the custody of the Louisiana Department of Corrections.[3]  The record reflects the following summary of facts which has been presented to the state appellate court by Lay's appointed counsel:

> Correctional officers from the Rayburn Detention Center transported Richard Lay and another inmate to the Bogalusa Medical Center for a doctor's appointment.  Due to the fact that the medical center serviced civilian patients as well as inmates, the correctional officers requested Lay and the other inmate to sit away from the three civilian patients who were in the waiting room.  Both inmates were handcuffed, but it was customary to have the inmates sit away from civilians for the safety of the civilian patients and the medical center employees.  The other inmate complied with the officers' request, but Lay was non-compliant and strongly opposed Master Sergeant Jerry Primes' order to sit in the [seat] he was assigned to. Lay became verbally aggressive by bracing up to the officer's chest in defiance, and using profanity that made the medical office employees uncomfortable.
> 
> The officers immediately cancelled the medical visit for both inmates, and signed the documents to cancel the medical visits.  Master Sgt. Primes then escorted Lay outside towards the transportation vehicle.  It was while he was placing Lay in the vehicle that Lay struck him on his right shoulder and scratched him on his arm and hand.  Reports were drafted and the two medical center employees who were present that particular day were interviewed regarding this incident.

---

[2]Rec. Doc. No. 4.

[3]St. Rec. Vol. 1 of 8 (disc), p. 47 of 206, Bill of Information, 1/12/11, and p. 16 of 206, Minute Entry, 3/24/11; p. 48 of 206, Amendment to Bill of Information, 3/24/11.

State Record Supplemental Volume 1 of 1, Appeal Brief, 2015-KA-0086, February 24, 2015.

After the state trial court found Lay competent to proceed,[4] he was tried before a jury on November 28 through 30, 2011, and found guilty as charged.[5]  The state trial court sentenced Lay on February 28, 2013, to two years in prison at hard labor to run consecutively to any sentence he was already serving.[6]  After considering the multiple bill filed by the State, the court adjudicated Lay to be a fourth felony offender on May 13, 2013.[7]  The prior sentence was vacated and, Lay was resentenced Lay that same day to twenty-two (22) years in prison at hard labor without benefit of parole, probation or suspension of sentence.  The court later denied Lay's motion to reconsider the sentence at a hearing on September 25, 2013.[8]

On February 24, 2015, Lay's appointed appellate counsel filed a brief with the Louisiana First Circuit Court of Appeal that included a request for errors patent review, a motion to withdraw as Lay's counsel, and a statement indicating that counsel had found

---

[4]St. Rec. Vol. 1 of 8 (disc), p. 19 of 206, Hearing Minutes, 9/28/11.

[5]St. Rec. Vol. 1 of 8 (disc), pp. 23-26 of 206, Trial Minutes, 11/28/11; pp. 27-29 of 206, Trial Minutes, 11/29/11; pp. 30-32 of 206, Trial Minutes, 11/30/11; p. 204 of 206, Jury Verdict, 11/30/11.

[6]St. Rec. Vol. 1 of 8 (disc), p. 42 of 206, Sentencing Minutes, 2/28/13.

[7]St. Rec. Vol. 1 of 8 (disc), p. 44-45 of 206, Multiple Offender Hearing Minutes, 5/13/13.

[8]St. Rec. Vol. 1 of 8 (disc), p. 46 of 206, Hearing Minutes, 9/25/13.

no non-frivolous appealable issue in connection with Lay's resentencing, all pursuant to Anders v. California, 386 U.S. 738 (1967), and State v. Jyles, 704 So.2d 241 (La. 1997).[9]

On March 4, 2015, Lay filed a pro se opposition to counsel's Anders brief and requested appointment of different counsel to assist with the filing of a merits brief.[10] On March 11, 2015, the Louisiana First Circuit denied Lay's motion and noted that Lay had until March 27, 2015, to file a pro se supplemental brief.[11] The parties concede that Lay's direct appeal is still pending before the Louisiana First Circuit.[12]

In addition, according to a letter to Lay dated April 2, 2015, from the office of the Central Staff of the Louisiana Supreme Court, Lay's pleadings seeking review of the appellate court's ruling denying appointment of new counsel were returned to him unfiled.[13]

---

[9]St. Rec. Suppl. Vol. 1 of 1, Appeal Brief, 2015-KA-0086, 2/24/15.

[10]St. Rec. Suppl. Vol. 1 of 1, Opposition to Anders Brief, 2015-KA-0086, dated 3/4/15.

[11]Rec. Doc. No. 4-2, pp. 4-5.

[12]On August 17, 2015, a member of my staff contacted the office of the clerk of the Louisiana First Circuit and was advised that the matter was set on the court's docket without oral argument and was taken under submission on August 11, 2015.

[13]Rec. Doc. No. 4-4, p. 1; see also, pp. 2-8.

## II.   FEDERAL HABEAS PETITION

On May 12, 2015, the clerk of this court filed Lay's petition for federal habeas corpus relief in which he asserts two grounds for relief:[14] (1) The Louisiana First Circuit's refusal to appoint counsel to assist him in filing a merits brief has effectively denied him as an indigent the right to counsel on direct appeal. (2) The Louisiana Supreme Court has denied him access to that court to review the appellate court's denial of his request for other appointed counsel and for a stay to prevent the appellate court from ruling on his appeal until new counsel is appointed.

The State filed an answer and memorandum in opposition to Lay's petition, arguing that his petition is premature because his direct appeal has not been completed and his claims are therefore unexhausted.[15]

## III.   GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[16] and

---

[14]Rec. Doc. No. 4, p. 8.

[15]Rec. Doc. Nos. 15, 16.

[16]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

applies to habeas petitions filed after that date.  <u>Flanagan v. Johnson</u>, 154 F.3d 196, 198 (5th Cir. 1998) (citing <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997)).  The AEDPA therefore applies to Lay's petition, which, for reasons discussed below, is deemed filed in this court on April 9, 2015.[17]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; <u>i.e.</u>, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  <u>Nobles v. Johnson</u>, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State has urged failure to exhaust as a basis for this court to dismiss Lay's petition.  The State's argument is based in part on the fact that Lay's direct appeal of his conviction and sentence remains pending, and he has not completed available state court review of his claims in a procedurally proper manner before filing this federal petition. I agree that Lay's claims are unexhausted, and the petition should be dismissed without prejudice for that reason.

---

[17]The United States Court of Appeals for the Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. <u>Coleman v. Johnson</u>, 184 F.3d 398, 401 (5th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1057 (2000); <u>Spotville v. Cain</u>, 149 F.3d 374, 378 (5th Cir. 1998); <u>Cooper v. Brookshire</u>, 70 F.3d 377, 379 (5th Cir. 1995). Lay's petition was filed by the clerk of this court on May 12, 2015, when the filing fee was received.  Lay's signature on the petition is dated April 9, 2015.  This is the earliest date appearing in the record on which Lay could have presented the pleadings to prison officials for mailing to the court.

IV.   <u>EXHAUSTION OF STATE COURT REMEDIES</u>

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." <u>Whitehead v. Johnson</u>, 157 F.3d 384, 387 (5th Cir. 1998) (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 519-20 (1982)); <u>accord</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); <u>Nobles</u>, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to <u>all</u> of the federal court claims." <u>Whitehead</u>, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); <u>Rose</u>, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the <u>highest</u> state court." <u>Id</u>. (citing <u>Picard v. Connor</u>, 404 U.S. 270, 275-78 (1971)) (emphasis added).  "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures.  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999); <u>accord</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." <u>Whitehead</u>, 157 F.3d at 387 (citing <u>Picard</u>, 404 U.S. at 275-78).  "This requirement is not satisfied if the

petitioner presents <u>new legal theories</u> or <u>new factual claims</u> in his federal application."
(emphasis added) <u>Id.</u> (citing <u>Nobles</u>, 127 F.3d at 420).  It is not enough for a petitioner
to raise the claims in the lower state courts, if they were not also specifically presented
to the Louisiana Supreme Court.  <u>See</u> <u>Baldwin v. Reese</u>, 541 U.S. 27, 32 (2004) (a
prisoner does not fairly present a claim to a state court if that court must read beyond a
petition or brief, such as a lower court opinion, to find the claim).

To exhaust his claims in state court, Lay must fairly present the same claims and
legal theories he urges in this federal court to the state courts through the Louisiana
Supreme Court in a procedurally proper manner and must give the Louisiana Supreme
Court an opportunity to address those claims.  The record reflects that the Louisiana
Supreme Court has not addressed Lay's claims that he has been improperly denied
appointment of new counsel and a stay of his appeal.  Instead, his pleadings seeking such
relief were returned to him unfiled by the court's Central Staff as procedurally improper
for that court's review.

Lay also has not allowed the Louisiana First Circuit or the Louisiana Supreme
Court to complete an assessment of the <u>Anders</u> brief filed by his appointed counsel or the
validity of any claim he may wish to raise on his own.  In addition, the record does not
reflect that Lay himself filed a pro se brief on the merits of any claims, something he was
invited to do by the Louisiana First Circuit.  Furthermore, I have confirmed that Lay's

8

direct appeal was heard without oral argument on the August 11, 2015 docket of the Louisiana First Circuit.[18]

Thus, Lay's claims of denial of counsel and access to review by a higher state court have <u>not</u> yet been presented to the Louisiana Supreme Court in a procedurally proper manner.  Lay has not given the state courts a full opportunity to consider the adequacy of his current appellate representation or the validity of his conviction.  For these reasons, Lay has failed to exhaust available state court remedies of the claims asserted in this court.

The record discloses no good cause for Lay's failure to exhaust these claims, and this court can find none.  <u>Rhines v. Weber</u>, 544 U.S. 269, 278 (2005) (dismissal is appropriate where no good cause is shown for the failure to exhaust).  This petition should be dismissed without prejudice to require Lay to exhaust available state court remedies before seeking relief in this federal court.

## <u>RECOMMENDATION</u>

For the foregoing reasons, it is **RECOMMENDED** that Lay's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

---

[18]I note again that, on August 17, 2015, a member of my staff contacted the office of the clerk of the Louisiana First Circuit and was advised that the matter was set on the docket of the court without oral argument on August 11, 2015, and was taken under submission at that time.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[19]

New Orleans, Louisiana, this ____17th____ day of August, 2015.

<br>

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[19]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.